IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER CLACK, )<br>)<br>  Plaintiff, )<br>) <br>v. )<br>)<br>CAROLINA TRANSPORT OF )<br>BURGAW, INC., HARLAN PARKER, )<br>and GREAT DIVIDE INSURANCE )<br>COMPANY, )<br>)<br>  Defendants. ) | CIVIL ACTION FILE NO.<br>1:19-CV-00441-LMM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff Amber Clack (hereinafter "Plaintiff") and files this her Response in Opposition to Defendants' Motion for Partial Summary Judgment showing this Honorable Court as follows:

**INTRODUCTION**

On March 23, 2017, Defendant Harlan Parker was driving a tractor trailer within the course and scope of business for his employer Defendant Carolina Transport of Burgaw, Inc. when he negligently and improperly changed lanes causing a collision with Plaintiff's vehicle. Due to Defendants' negligence, Plaintiff was injured in the subject collision resulting in damages.

1

Defendants, however, will not take full responsibility and admit sole liability for causing the wreck as they continue to blame Plaintiff despite no evidence showing she was negligent. As such, Plaintiff, as pled in her Complaint, seeks to recover her attorney's fees pursuant to O.C.G.A. § 13-6-11 due to Defendants' stubborn litigiousness.

In addition to denying complete liability for causing the wreck, Defendants also argue Plaintiff's injuries were not proximately caused by the wreck and her treatment was not medically necessary in an attempt to show there is a bona fide dispute and Defendants are entitled to partial summary judgment on the issue of attorney's fees. Georgia law is clear, however, an award for attorney's fees is a question of fact to be decided by the jury. Wherefore, Defendants' Motion for Partial Summary Judgment must be denied.

## STATEMENT OF FACTS

**The Collision**

On March 23, 2017, Plaintiff and Defendant Parker were traveling in adjacent lanes on I-285. (Plaintiff depo, p. 18, lines 10-13, attached hereto as Exhibit A). Plaintiff was driving in the middle lane and Defendant Parker was traveling in the lane immediately to Plaintiff's left. (Id. at 20, lines 16-20). Defendant Parker did not see Plaintiff's vehicle and began to merge into Plaintiff's lane. (Defendant Parker depo.,

p. 31, lines 23-25 and p. 32, lines 1-11, attached hereto as Exhibit B).  Plaintiff had no time to react to Defendant Parker as he merged into her lane and simply had to brace for impact.  (Plaintiff depo., p. 22, lines 6-17).  As a result, Defendant Parker collided with Plaintiff's vehicle.  (Id.).  At the time of the collision, Defendant Parker was operating within the course and scope of his employment with Defendant Carolina Transport of Burgaw, Inc.  (Def. Parker depo., p. 31, lines 9-14).

**<u>Liability for the Collision</u>**

Following the collision, investigating officers cited Defendant Parker for improper lane change resulting in him paying a fine. (Def. Parker depo., p. 42, lines 11-25 and p. 43, lines 1-2).  Defendants, however, continue to deny full responsibility for causing the wreck from the onset. (<u>Id.</u> at 38, lines 15-23).  Even though Defendants allege "Plaintiff may not have been paying attention to the road at the time of the accident," Defendant Parker admits he has no evidence to corroborate any allegations of Plaintiff's negligence in causing the wreck. (<u>Id.</u> at 39, lines 6-12; <u>See</u> Defendant Parker Discovery Response Interrogatory No. 26, attached hereto as Exhibit C).

Defendant Parker admits that he incorrectly presumed there was no vehicle adjacent to him when he attempted to change lanes. (<u>Id.</u> at p. 32, lines 5-15).   He argues that a non-party driver in Plaintiff's lane flashed his/her lights indicating that Defendant Parker had the space to change lanes, but Defendant Parker cannot identify

the gender of that driver nor the type or color of that driver's vehicle. (Def. Parker depo., p. 36, lines 6-11). Defendant Parker had driven with the aid of fender mirrors since 1977 but did not have them installed on his truck the day of the collision. (Id. at 55, lines 15-18). He also admits that had he installed fender mirrors on his truck, he might have been able to see Plaintiff's vehicle before he merged into her lane. (Id. at 54, lines 6-25 and p. 55, lines 1-20).

There is no record evidence that the wreck was caused by anything other than Defendant Parker's improper lane change. According to Defendant Parker himself, Plaintiff did not do anything wrong but *possibly should have* seen Defendant Parker's negligent act earlier and that would have allowed her to avoid the collision altogether. (Id. at 38, lines 18-25 and p. 39, lines 1-12). Specifically, Defendant Parker testified:

> Q: Mr. Parker, do you believe that Ms. Clack did anything wrong to contribute to this motor vehicle collision?
>
> A: Not really wrong, but I believe she was distracted from something another [sic] because she hadn't pulled ahead with the other traffic. She was still sitting in my blind spot and I believe she was distracted by something, either talking on the phone or texting or something.
>
> Q: …[W]hat I am asking you is beside the fact that she was in your blind spot and you believe there was adequate…or enough space between her and the car ahead of you to where she could have gotten out

4

>   more, do you have any other evidence to link her for using the cell phone or being distracted?
>
> A:   Oh no, I don't know that - - but - - it would stand to reason. She hadn't pulled ahead. She was distracted doing something you know….

(Def. Parker depo., p. 38, lines 18-25 and p. 39, lines 1-12).

>   Q: …[D]o you have any other evidence to link her using the cell phone or being distracted?
>
>   A: Oh, no, I don't know that –

(Id. at 39, lines 10-12).[1]

**Defendant's Expert Witness**

As shown in Plaintiff's previously filed Memorandum of Law in Support of Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Dr. Dennis Lacey, M.D., Defendants and Dr. Lacey, failed to comply with Fed.R.Civ.P. 26(2)(B). Furthermore, Dr. Lacey opined on matters outside his area of expertise, such as Plaintiff's post-wreck knee injury. (See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Dr. Dennis Lacey, M.D., pp. 2-7, Doc 36-1).

Dr. Lacey opined that the treatment provided to Plaintiff by her treating

---

[1] Plaintiff admits that she was using her vehicle's hands-free Bluetooth talking to her mother at the time of the collision. (Plaintiff depo., p. 20, lines 4-8). She also admits

5

orthopedic specialists was not "medically indicated." (See Dr. Lacey depo. Plaintiff's Exhibit 3, attached herewith as Exhibit D). This treatment included an electromyogram, nerve conduction study of her left upper extremity, epidural steroid injections, and radiofrequency ablations. (Id.). He confirms that he does not know Plaintiff's physicians professionally or personally but admits that the treatment Plaintiff received is not uncommon of how orthopedic doctors typically treat their patients. (Dr. Lacey depo., p. 12, lines 10-15; p. 54, lines 3-14). Dr. Lacey also does not blame Plaintiff for her treatment or even believe the treatment she received is outside the normal course of care that an orthopedic specialist might provide. (Id. at 56, lines 9-24). He specifically admitted, "This is unfortunately not uncommonly [sic] how orthopedic doctors practice…" (Id. at 54, lines 6-7).

    Dr. Lacey, despite opining on the cause of Plaintiff's patellar chondromalacia, admitted that he would not, as part of his practice, diagnose patellar chondromalacia in his own patients. (Dr. Lacey depo., pp. 37, lines 7-12; p. 39, lines 17-22; and p. 40, lines 2-7). Dr. Lacey concedes that he is even unable to interpret MRI films of knees. (Id. at 22, lines 6-7). He specifically testified, "…I don't do joints, so I - -I don't really interpret or would not look at a – an MRI of the shoulder or a knee and be able to give you any kind of a confident opinion of what it shows so I have to rely on the

---

used her phone to call 9-1-1 after the collision occurred. (Id. at 29, lines 5-23).

radiologist's report." (Dr. Lacey depo., pp. 37, lines 7-12).

**ARGUMENT AND CITATION TO AUTHORITY**

**I. PLAINTIFF IS ENTITLED TO THE BENEFIT OF EVERY RESPONSIBLE DOUBT AND INFERENCE**

Summary judgment may only be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying [materials] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The Eleventh Circuit explained:

> In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment.

Burton v. City of Belle Glade, 178 F.3d 1175 (11th Cir. 1999). Defendant has not met its burden with regards to the issue of attorney's fees as not only are there several questions of fact that should be decided by the jury, but Georgia law is also clear that the award of attorney's fees is always a question of fact. Therefore, partial summary judgment respectfully must be denied.

### II. PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES IS FOR THE JURY TO DECIDE

The issue of attorney's fees is a jury question. See, Covington Square Associates, LLC v. Ingles Markets, Inc., 287 Ga. 445 (2010). O.C.G.A. § 13-6-11 allows recovery of attorneys' fees and litigation expenses when a defendant acts in bad faith, has been stubbornly litigious, or caused a plaintiff unnecessary trouble and expense. In the instant case, Plaintiff has not asserted "bad faith" nor is bad faith a required element under that statute.

A jury may award litigation expenses for a defendant's stubborn litigiousness or causing unnecessary trouble and expense when no bona fide controversy or dispute existed as to Defendant's liability. King Industrial Realty, Inc v. Rich, 224 Ga. App. 629, 635, 481 S.E. 2d 861 (1997); Wilen v. Murray, 292 Ga. App. 30, 33, 663 S.E. 2d 403 (2008). Whether a bona fide controversy existed is a question for the jury. L.S. Land Co. v. Burns, 275 Ga. 454, 456, 569 S.E. 2d 527 (2002).

8

Georgia law is clear that even if, as Defendants incorrectly assert, a liability question exists, it is for the jury, rather than the court, to make a determination as to whether attorney's fees are warranted. See, Covington Square Assoc LLC v. Ingles Mkts Inc., 287 Ga 445, 696 S.E.2d 649 (2010) citing Taylor v. Estes, 85 Ga. App. 716, 70 S.E.2d 82 (1952); American Medical Transport v. GLO-AN, 235 Ga. App. 464, 509 S.E.2d 738 (1998); JN Clayton Co. v. Martin, 177 Ga. App. 228, 339 S.E.2d 280 (1985); Brannon Enterprises v. Deaton, 159 Ga. App. 685, 285 S.E.2d 58 (1981); Sapp v. Howe, 79 Ga. App. 1, 52 S.E.2d 571 (1949); Patterson & Co. v. Peterson, 15 Ga. App. 680, 84 S.E. 163 (1915).

In the case at bar, it is Plaintiff's contention, as supported by the record evidence, that there is no bona fide controversy at issue. Nonetheless, Defendants continues to litigate this case at Plaintiff's expense refusing to accept responsibility for causing the wreck.

The evidence is clear that Defendant Parker was the sole cause of the wreck when he improperly changed lanes colliding with Plaintiff's vehicle. (Def. Parker depo., p. 31, lines 23-25 and p. 32, lines 1-11). He admits that he failed to install the necessary fender mirrors on his truck which could have avoided the wreck all together, he admits he never saw Plaintiff's vehicle prior to the collision, and he admits he was cited and paid a fine for the collision. (Def. Parker depo., p. 42, lines 11-25 and p. 43,

lines 1-2). Defendants, however, continue to assert that Plaintiff was contributorily negligent in causing the wreck and have done so since the beginning of written discovery.

Defendants rely on speculative evidence and theory in attempting to hold Plaintiff partially liable for causing the wreck. Defendant Parker did not see Plaintiff until after the wreck yet cites her having a phone in her hand, post-wreck, as evidence that she was distracted prior to the collision. (Def. Parker depo., p. 38, lines 18-25). Plaintiff does not deny holding her cell phone because she used it to call 9-1-1 after Defendant Parker negligently hit her vehicle. (Plaintiff depo., at 29, lines 5-23). Furthermore, when asked directly what Plaintiff should have done differently to avoid the wreck, Defendant Parker admitted, "Nothing really. I mean, nothing but if she'd been paying attention, she'd *probably* seen me moving and would - - could have had moved out of the way or blowed [sic] the horn or. [sic]" (Def. Parker depo., p. 56, lines 11-19) (emphasis added). In short, Defendant Parker victim-blames Plaintiff for his own admitted negligence.

The most factually applicable appellate case to the instant case is Daniel v. Smith, 266 Ga. App. 637, 597 S.E.2d 432 (2004). In Daniel, the plaintiff was driving straight while the defendant was in the opposite lane of travel when he turned left into plaintiff's vehicle. Daniel, 597 S.E.2d at 436. The defendant in Daniel, without

10

evidence, asserted that plaintiff had on his right turn blinker and slowed as if he was going to turn at the intersection but instead continued going straight through the intersection, contributing to the collision. Daniel at 436.

Daniel affirmed the jury's award of attorney's fees based upon Defendant refusing to accept liability. Id. Daniel held that the jury was permitted to award full attorney's fees on the issue of liability, even if damages were contested. Id. at 437-438.

In Daniel, the Court noted that even if the facts somehow supported the defendant's claim of how the collision occurred, the defendant still failed to yield. Id. at 437. The same is true in the instant case. Even if Plaintiff was distracted (which Plaintiff contends and record evidences shows she was not) as she properly operated within her lane of travel, Defendant Parker still improperly changed lanes causing the collision.

The case at hand is even stronger than the facts found in Daniel because Defendant Parker did not see Plaintiff before the collision. (Def. Parker depo., p. 31, lines 23-25 and p. 32, lines 1-11). Unlike the Daniel defendant, Defendants in the instant case cannot offer *any* record evidence of Plaintiff's negligence prior to the wreck. Assuming, arguendo, Defendant Parker's speculation that Plaintiff was distracted prior to the collision was correct, Daniel holds that this fact is merely

inconsequential and a bona fide controversy still does not exist because a reasonable juror *cannot conclude* anything other than Defendant Parker negligently and improperly changed lanes and was the sole cause of the wreck.

### III. DR. LACEY'S OPINIONS ALONE DO NOT CREATE A BONA FIDE CONTROVERSY WORTHY OF SUMMARY JUDGMENT

Defendants rely on their own hired expert's testimony regarding Plaintiff's injuries and treatment to show that there is a bona fide controversy worthy of the Court dismissing Plaintiff's claim for attorney fees. As stated *supra*, Georgia law clearly holds that whether a bona fide controversy existed is a question for the jury, and "[t]he appellate court cannot reverse such an award merely because the evidence would have supported a verdict for the defendant." L.S. Land Co. v. Burns, 275 Ga. 454, 456, 569 S.E. 2d 527 (2002).

Assuming, arguendo, that Dr. Lacey's opinions created a bona fide controversy as to proximate cause and damages, this still does not make the issue of attorney's fees proper for summary judgment.[2] It would remain a question of fact for the jury. Id. Furthermore, Dr. Lacey's opinion should not be used as a mask as to why Defendants have remained stubbornly litigious and avoided accepting responsibility for causing

---

[2] Plaintiff has challenged Dr. Lacey as an expert and previously filed Motion to Exclude the Testimony of Defendants' Expert Dr. Dennis Lacey, M.D. (See, Doc. 36).

this wreck. Plaintiff has the right to bring this issue to the jury and let the trier of fact decide whether a bona fide controversy exists and, ultimately, whether attorney fees should be rewarded. See <u>Daniel v. Smith</u>, 266 Ga. App. 637, 597 S.E.2d 432 (2004). Therefore, respectfully, Defendants' Motion for Partial Summary Judgment must be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Partial Summary Judgment in its entirety.

This 15th day of November, 2019.

                                                JAMES A. RICE, JR., P.C.

                                                <u>/s/James A. Rice, Jr</u>.
                                                James A. Rice, Jr.
                                                Georgia State Bar No. 602811
                                                Andrew J. Brandt
                                                Georgia State Bar No. 962436
                                                Attorneys for Plaintiff

                                                563 Spring Street, NW
                                                Atlanta, Georgia 30308
                                                (404) 255-4448
                                                jim@ricefirm.com
                                                andrew@ricefirm.com

Pursuant to Local Rules 5.1 and 7.1, counsel for Plaintiff certifies that the document has been prepared in Times New Roman, 14 point font, and that the document does not contain more than 10 characters per inch of type.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER CLACK,                    )<br>                                 )<br>    Plaintiff,                   )<br>                                 )<br>v.                               )<br>                                 )<br>CAROLINA TRANSPORT OF            )<br>BURGAW, INC., HARLAN PARKER,     )<br>and GREAT DIVIDE INSURANCE       )<br>COMPANY,                         )<br>                                 )<br>    Defendants.                  ) | CIVIL ACTION FILE NO.<br>1:19-CV-00441-LMM |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record:

Michael D. Hostetter
Tina Cheng
Nall & Miller, LLP
235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303

This 15th day of November, 2019.

                              JAMES A. RICE, JR., P.C.

                              /s/James A. Rice, Jr.
                              James A. Rice, Jr.
                              Georgia State Bar No. 602811
                              Andrew J. Brandt
                              Georgia State Bar No. 962436
                              Attorneys for Plaintiff

                              563 Spring Street, NW
                              Atlanta, Georgia 30308
                              (404) 255-4448
                              jim@ricefirm.com
                              andrew@ricefirm.com